UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YAINER DAVID PUELLO MADRID,

Petitioner,

v. Case No. 2:26-cv-2534-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

# ORDER

Petitioner Yainer David Puello Madrid has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.) The petition makes a handful of generalized grievances without any connection to Madrid's facts or case. At bottom, he claims that the Attorney General is holding him illegally and that he is entitled to release or a bond hearing.

Madrid is subject to mandatory detention under 8 U.S.C. 1226(c)(1)(E)(ii) because he was charged with petit theft on September 14, 2026. "Here, further administrative review would be pointless, as [Madrid] is detained under 8 U.S.C. § 1226(c), which precludes immigration judges from

holding a bond hearing." *Lopez v. Warden*, No. CV 3:26-673, 2026 WL 1147839, at *2 (M.D. Pa. Apr. 28, 2026).

But even if he was entitled to a bond hearing, Madrid provides no indication that he requested a hearing. (Doc. 1.) Thus, the request for a bond hearing with this Court in the first instance is denied. *See Mondragon v. Warden*, No. 3:26-CV-1712-JEP-SJH, 2026 WL 2682000, at *2 (M.D. Fla. Sept. 14, 2026).

Finally, the Court won't consider Madrid's Fourth Amendment claim regarding his warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016). And challenges to conditions of confinement are not appropriately raised in the habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").

Madrid has not established that his current detention is unlawful. But he may return to challenge his revocation if his continued detention becomes unconstitutionally prolonged. Accordingly, the Petition for Writ of Habeas

Corpus (Doc. 1) is **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment, deny any pending motions as moot, and close this case.

**ORDERED** in Fort Myers, Florida on October 16, 2026.

Kyle C. Dudek
United States District Judge